11-60265.rr2

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60265-CIV-MORENO/BROWN

RICHARD B. MAYER,

    Plaintiff,

vs.

WALL STREET EQUITY GROUP, INC.,
a Florida Corporation, et al.,

    Defendants.

_____/

## REVISED REPORT AND RECOMMENDATION
## MOTION FOR FEES AND EXPENSES *

**THIS MATTER** is before the Court upon Robert Norell, P.A.'s Verified Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (D.E. 22) ("plaintiff's motion") and Defendants' Verified Opposed Motion for Attorney's Fees and Costs . . . (D.E. 20) ("defendants' motion").[1] The Court has considered the motions, the responses, the replies, as applicable, and all pertinent materials in the file. On September 23, 2011, an evidentiary hearing was held regarding plaintiff's motion and argument of counsel considered.[2] The transcript of that hearing is incorporated herein by reference as ( "T.___").

The Court had the opportunity to hear from the maker of the motion, Robert Norell, Esq., the

---

[1] Although this motion is docketed prior to plaintiff's motion, it clearly followed plaintiff's motion (see Def. Mot. p.2, n. 1).

[2] As noted in defendant's footnote 1, both motions required resolution of the same core of facts.

plaintiff, and his employer, known as Steven West.[3] The Court considered that testimony in light of the directives of the Eleventh Circuit Jury Instruction regarding evaluation of the testimony of witnesses.

Essentially this matter boils down to whether or not the defendant and plaintiff made an agreement that deprived plaintiff's counsel of his fees and costs in this case. The Court finds that they did.[4]

The evidence is clear that plaintiff and defendant had a "falling out," and have since - at least to some degree - "reconciled." The evidence is also clear that at the time of the falling out, plaintiff sought counsel and requested that counsel file a lawsuit against defendant. This is exactly what was done. The allegations that plaintiff's counsel proceeded without authority to immediately file a lawsuit are rejected by this Court. Indeed, the uncontroverted record indicates that plaintiff called and inquired whether the suit had been filed. See T. 24. The evidence is clear that at some point after the filing of the lawsuit, plaintiff and his employer met outside the presence of plaintiff's counsel and without his knowledge, and settled the case - without there being any consideration of fees and costs to said attorney. The evidence is clear that communications were initiated by Mr. West.[5] See T. 51. After consideration of all of the testimony and evaluating the witnesses' credibility, this Court rejects defendant's position herein and recommends awarding plaintiff's

---

[3]This is not the employer's real name, but the name he used throughout these proceedings (see T. pp. 56-57).

[4]It must be stated that the Court neither heard nor found any evidence implicating defense counsel in this activity.

[5]While Mr. West claims this has to do with referrals, it is clear that he knew full well that plaintiff was already represented by counsel.

counsel fees. This Court finds plaintiff's testimony inconsistent at best. Indeed, setting everything else aside, plaintiff apparently had a financial interest in supporting defendants in this dispute. See D.E. 12-1 at ¶9.

While this Court cannot conclude that there was a deliberate effort made to exclude plaintiff's counsel from being compensated, the Court need not reach such a conclusion to find that counsel is entitled to fees. See generally Brown v. Vermont Mut. Ins. Co., 614 So. 2d 574 (Fla. 1st DCA 1993). Clearly, however, defendant West "orchestrated" the settlement in this case. Plaintiff has no idea how his "settlement" was calculated, yet accepted same. See T. 37-38. The Settlement Agreement clearly confirms that, at the very least, plaintiff thought he was entitled to overtime. See D.E. 12-1 at ¶2.

There were several allegations at the hearing regarding the quality of the work performed. The Court need not reach the claims made in that regard as they have nothing to do with entitlement to fees. At best - and this is a stretch - they might effect the amount of same, which is more appropriately addressed in a different forum. However, it is interesting to note that defendant has taken two positions that bear further comment: (1) plaintiff's counsel filed this case without doing appropriate investigation because (2) plaintiff was never entitled to overtime. This should be compared with paragraphs 12 and 17 of the answer to the complaint. Since Mr. West testified that his first call in this case was to defense counsel (see T. 54) - which had to be prior to the answer being filed (unless this answer was filed without any discussion with defendants??), it seems he never communicated that plaintiff was not entitled to overtime. This is but one more "chink" in defendants' armor.

The Court finds Defendants' Verified Opposed Motion little more than an attempt at "a good

offense is the best defense." Even plaintiff, who quite clearly is now back in defendants' "court," admitted he wanted a lawsuit filed by plaintiff's counsel and wanted it filed quickly. See T. 41-42. This testimony, made under oath, is an almost direct contradiction from plaintiff's under oath statement in an affidavit obtained and prepared by defendant West (see D.E. 20-2 at ¶4; T. 31-32).

Therefore, after consideration of all the evidence, the Court being otherwise fully advised in the premises **RESPECTFULLY RECOMMENDS** that Robert Norell, P.A.'s Verified Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (D.E. 22), be **GRANTED**, and that Defendants' Verified Opposed Motion for Attorney's Fees and Costs . . . (D.E. 20), be **DENIED**.

Turning to the amount of fees, defendants only challenge one entry (March 22) and offer nothing to rebut plaintiff's claims regarding hourly rate or the other time entries. That challenge is unsupported and refuted. There are no other specific objections to either the hourly rates sought or the time spent, as required. See, e.g., Am. Civil Liberties Union of Georgia v. Barnes, 168 F. 3d 423, 428 (11th Cir. 1999). In addition, the Court, serving as its own expert, has independently reviewed the time sheets and the support for the hourly rate and finds both to be reasonable. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).[6]

Therefore the Court further **RESPECTFULLY RECOMMENDS** that fees be awarded in the sum of $6,755.00. The unchallenged expenses in the sum of $440.00 should also be awarded.

The parties have until January 18, 2012 within which to serve and file written objections, if

---

[6] The Court itself can be an expert on the question of fees and may properly consider its own knowledge and experience in determining reasonable and proper fees. Loranger, 10 F.3d at 781 (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

any, with the Honorable Federico A. Moreno, Chief United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this  17th day of January, 2012.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Federico A. Moreno
      Counsel of record

**\*   The only revision is that draft Transcript references have been revised to correspond with the official Transcript (D.E. 62). The date for filing objections has not been revised.**